IN THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF ILLINOIS

WESTERN DIVISION

| | | |
|---|---|---|
| Manuel Lopez, | ) | |
|     Plaintiff, | ) | Case No. 19 C 50262 |
| vs. | ) | |
| Brake Parts Inc., LLC | ) | Judge Philip G. Reinhard |
|     Defendant. | ) | |

## ORDER

    For the reasons stated below, defendant's motion to dismiss [24] is denied. If defendant wishes to maintain Count I in this court, and renew its motion to dismiss here, it shall file, on or before June 12, 2020, a memorandum showing cause why plaintiff's claim that the Agreement is unenforceable (Count I) is not required to be severed and remanded to state court pursuant to 28 U.S.C. § 1441(c). If no such memorandum is filed, Count I will be remanded to state court after June 12, 2020. If defendant files a memorandum, plaintiff may file a response to it on or before June 26, 2020.

## STATEMENT-OPINION

    This is an action by plaintiff, Manuel Lopez, against defendant, Brake Parts Inc LLC, his former employer. Plaintiff originally brought this action in state court seeking a declaratory judgment that the Non-Solicitation, Non-Competition, and Proprietary Information Agreement ("Agreement") [23-1] he executed with defendant is unenforceable for lack of consideration. Defendant answered that complaint and plaintiff moved for judgment on the pleadings and to strike defendant's affirmative defenses. The state court entered an order denying plaintiff's motion for judgment on the pleadings, granting his motion to strike the affirmative defenses, and granting plaintiff leave to file an amended complaint. Plaintiff filed an amended complaint which reasserted the request for a declaratory judgment that the Agreement is unenforceable and added state and federal sex discrimination and retaliation claims.

    Defendant then removed the action to this court premising jurisdiction on 28 U.S.C. §§ 1331 and 1367 and moved to dismiss the amended complaint. Plaintiff was given leave to, and did, file a second amended complaint [23]. The second amended complaint seeks a declaratory judgment that the Agreement is unenforceable (Count I). It also asserts sex discrimination under Title VII (Count II) and the Illinois Human Rights Act ("IHRA") (Count IV) and retaliation under Title VII (Count III) and the IHRA (Count V). Defendant moves to dismiss [24] the second amended complaint for failure to state a claim. Fed. R. Civ. P. 12(b)(6).

1

The facts are taken from the second amended complaint. Plaintiff began working for defendant in April 2016. On July 18, 2018, defendant presented him with an offer letter for a promotion to the position of General Manager-Calipers. The offer letter states the offer is contingent on plaintiff's execution of the Agreement. Lopez accepted the offer letter on July 23, 2018 and later in July began working in the new position. On August 5, 2018, plaintiff and defendant executed the Agreement.

On page one of the Agreement, plaintiff, as "Employee", states "in exchange for my employment with the Company and in consideration of the salary, wages, and other benefits received for my services during my employment, I (Employee) agree as follows:" The Agreement continues with certain restrictive covenants to which plaintiff agrees. Paragraph 9(e) of the Agreement provides: "With respect to the subject matter hereof, this Agreement is Employee's entire agreement with the Company, and it supercedes all previous oral or written understandings or agreements, if any, made by or with the Company regarding the same subject matter."

On January 29, 2019, plaintiff's employment was terminated by defendant. Plaintiff's discharge was the result of a false sexual harassment charge made against him by Guadalupe Villegas, a woman he supervised. Plaintiff alleges Villegas made the false charge after plaintiff refused to have an extra marital affair with her and in retaliation for plaintiff reprimanding her for providing false excuses for her work absences. Plaintiff admitted he was in a consensual flirtatious relationship with Villegas but denied sexually harassing her. Defendant does not have a policy against consensual co-worker relationships.

Villegas requested a half-day off on January 11, 2019. Because he disbelieved Villegas's excuses for her absences, plaintiff called Villegas's doctor that day to confirm she had an appointment. Villegas became angry with plaintiff when she learned he was investigating her use of sick time. Plaintiff informed her that his first loyalty was to the company and that he had enough of her lies. On January 14, 2019, Villegas went to Dave Wagner, defendant's Production Manager and told him: "Manny's going to fire me because I won't have sex with him." On January 15, 2019, Villegas informed plaintiff she was going to look for another job because plaintiff was investigating her use of sick time.

On January 21, 2019, after plaintiff returned from a business trip, Randy Clausen, defendant's Vice President of Human Resources informed plaintiff of the sexual harassment charge. Plaintiff and Clausen had numerous phone conversations and email exchanges that day concerning plaintiff submitting a response to the charge. During one of these phone calls plaintiff told Clausen he was concerned he would be discriminated against because he was a man and the accuser was a female and one of his subordinates. He also told Clausen he may seek an attorney. Clausen informed plaintiff that defendant would select the solution with the least liability in deciding how to handle the investigation. On January 24, 2019, plaintiff complained to Clausen that he was being discriminated against because he was treated differently from other men and women who have had much more severe and serious inter-personal relationships with co-workers.

Plaintiff's employment was terminated on January 29, 2019 based on the false allegations made by Villegas. Plaintiff was terminated due to allegedly violating company policy by engaging in a relationship with a subordinate, but defendant had no such policy. Defendant's

decision to believe Villegas, continue to employ her, and terminate plaintiff was based on plaintiff's sex. Similarly situated female employees accused of sexual harassment were treated more favorably than males, including plaintiff. Similarly situated female employees accused of being in personal relationships with co-workers were treated more favorably than males, including plaintiff.

Discrimination and Retaliation Claims[1]

    Discrimination

    In Stumm v. Wilkie, 796 Fed. Appx. 292 (7th Cir. 2019), the plaintiff, a man, sued the defendant for sex discrimination alleging his sex and age motivated the defendant to hire other candidates (younger women) instead of him. The court held that to plead a sex discrimination claim, the "plaintiff need plead only the type of discrimination, when it occurred, and by whom." Id., at 295. Plaintiff "is not required to plead legal theories, let alone to plead facts that correspond to 'elements' of any particular claim." Id. While a plaintiff eventually must prove the elements of his claim, he does not need to plead them. Id.

    Defendant argues there is a heightened pleading standard for "reverse" discrimination cases. Its argument is essentially that plaintiff must plead facts to support the prongs of the McDonnell Douglas burden-shifting framework as applied to "reverse" discrimination claims which may be utilized by a plaintiff to establish a prima facie case to overcome a summary judgment motion.[2] In the summary judgment context, to make out a prima facie case using this method, plaintiff would have to "show that he is a member of a protected class, that he was meeting his employer's legitimate expectations; that he suffered an adverse employment action, and that similarly situated individuals were treated more favorably than he was." Farr v. St. Francis Hospital & Health Centers, 570 F.3d 829, 833 (7th Cir. 2009). In addition, since plaintiff is a male claiming gender discrimination, he would need to "set out 'background circumstances' that show that the employer discriminates against [men], or he must show there is something 'fishy' going on." Id.

    However, Stumm makes clear there is no heightened pleading standard for "reverse" discrimination claims. Plaintiff need only plead the type of discrimination, when it occurred, and by whom. Stumm, 796 Fed. Appx. at 295. Plaintiff has met the pleading requirements. He has pled discrimination based on sex, that the discrimination occurred when he was investigated and terminated for sexual harassment in January 2019, and that Clausen, acting as defendant's Vice President of Human Resources, was the person who took the discriminatory action against him on behalf of defendant. He does not need to plead the identity of similarly situated women who were treated more favorably or background circumstances showing defendant discriminates against men or "fishy" facts.

---

[1] Defendant asserts and plaintiff does not contest that claims under Title VII and under the IHRA are analyzed the same so the court will treat the Title VII and IHRA claims together.
[2] Swierkiewicz v. Sorema, N. A., 534 U.S. 506 (2002) held that a complaint in a Title VII discrimination case was not required to contain specific facts establishing a prima facie case of discrimination under the McDonnell Douglas framework.

Retaliation

"Pleading a retaliation claim under Title VII requires the plaintiff to allege that [he] engaged in statutorily protected activity and was subjected to an adverse employment action as a result. The protected activity must be specifically identified." Carlson v. CSX Transportation, Inc., 758 F.3d 819, 828 (7th Cir. 2014) (quotation marks and citation omitted). Plaintiff asserts that his January 21, 2019 statement to Clausen that plaintiff was concerned he would be discriminated against because he was a man and his accuser was a woman and one of his subordinates, was protected activity. He also argues his January 24, 2019 statement to Clausen that he was being discriminated against because he was being treated differently from other men and women who have had "much, more severe and serious inter-personal relationships with co-workers" was protected activity.

Defendant argues plaintiff's allegation of a January 21, 2019 statement to Clausen must be disregarded because he did not include it in his first amended complaint. Defendant suggests that since the first amended complaint was verified, plaintiff cannot change it to include this additional allegation. However, the first amended complaint did not state the facts contained in it were the only relevant facts. Plaintiff's verification that the statements in the first amended complaint were true does not bar him from alleging additional facts in the second amended complaint.

Title VII prohibits an employer from discriminating against an employee because he has opposed race or gender discrimination. 42 U.S.C. § 2000e-3(a); Crawford v. Metropolitan Gov't of Nashville and Davidson County, Tennessee, 555 U.S. 271, 276 (2009). When an employee communicates to his employer that the employer has engaged in discriminatory conduct, the employee's communication virtually always constitutes the employee's opposition to the employer's conduct. Crawford, 555 U.S. at 276.

Plaintiff alleges he told Clausen on January 21, 2019 that he was concerned he would be discriminated against because he was a man. Three days later, he alleges he told Clausen that he was being discriminated against because he was being treated differently from other men and women who had much more "severe and serious inter-personal relationships with co-workers." The January 21, 2019 statement did not state defendant had discriminated against him because he was a man but only that plaintiff was concerned it would do so. The January 24, 2019 statement states he currently was being treated differently than others, but those others are said to be both men and women, so the differential treatment was not asserted to be based on plaintiff's gender.

While the January 21, 2019 statement is a slender reed to rely on, it is enough here to pass for the protected activity of opposing discrimination to survive the motion to dismiss. Taken most favorably to the plaintiff, he was opposing what he perceived to be defendant's plan to take adverse action against him because he was a man. Given that the discrimination claims are continuing anyway, the court deems it more prudent to err on the side of survival of the retaliation claims rather than on the side of their dismissal.

Claim Agreement is Unenforceable

The court questions its subject matter jurisdiction over the claim that the Agreement is unenforceable (Count I). Defendant removed the case from state court based on federal question

4

jurisdiction over the Title VII claims. Defendant based jurisdiction over the state law claims on the supplemental jurisdiction statute, 28 U.S.C. § 1367(a).

Section 1367(a) provides "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." To form a part of the same case or controversy the state claims must arise from a common nucleus of operative facts with the federal claims. White v. Addante, 498 F. Supp. 2d 1109, 1111 (2007). For a fact to be "operative" it must be relevant to the resolution of the federal claim. U.S. v. Clark, No. 08 C 4158, 2010 WL 476637, *1 (N.D. Ill. Feb. 3, 2010). Proof that the Agreement is unenforceable for lack of consideration appears completely irrelevant to proof of the Title VII claims.

Where a case containing both claims arising under federal law and claims not within the district court's original or supplemental jurisdiction is removed, the district court must sever the claim over which it does not have original or supplemental jurisdiction and remand it to the state court. 28 U.S.C. § 1441(c). Defendant, the party invoking federal jurisdiction, must show cause why plaintiff's claim that the Agreement is unenforceable (Count I) is not required to be severed and remanded to state court pursuant to 28 U.S.C. § 1441(c).

For the foregoing reasons, defendant's motion to dismiss [24] is denied. If defendant wishes to maintain Count I in this court, and renew its motion to dismiss here, it shall file, on or before June 12, 2020, a memorandum showing cause why plaintiff's claim that the Agreement is unenforceable (Count I) is not required to be severed and remanded to state court pursuant to 28 U.S.C. § 1441(c). If no such memorandum is filed, Count I will be remanded to state court after June 12, 2020. If defendant files a memorandum, plaintiff may file a response to it on or before June 26, 2020.

Date: 5/05/2020                ENTER:

*Philip G. Reinhard*

United States District Court Judge

Electronic Notices. (LC)